1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ARTHUR CASEY,<br><br>            Plaintiff,<br><br>     v.<br><br>J. TRUILLO, et al.,<br><br>            Defendants. | Case No. 1:20-cv-00560-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, BECAUSE OF PLAINTIFF'S FAILURE TO COMPLY WITH A COURT ORDER AND FAILURE TO PROSECUTE<br><br>(ECF No. 14)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

10

11

12

13

14

15

16

17

18          James Arthur Casey ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma*

19    *pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

20          Plaintiff filed the complaint commencing this action on April 14, 2020.  (ECF No. 1).

21    On June 17, 2020, the Court screened Plaintiff's complaint and found that it stated a cognizable

22    claim.   (ECF No. 14).  The Court gave Plaintiff thirty days from the date of service of the order

23    to either: "a. File a First Amended Complaint, which the Court will screen in due course; b.

24    Notify the Court in writing that he does not want to file an amended complaint and instead

25    wants to proceed only on his claim for excessive force in violation of the Eighth Amendment

26    against defendants Truillo, Garcia, Vera, Falcon, and Rodrigues; or c. Notify the Court in

27    writing that he does not want to go forward on only the claim found cognizable by this order or

28    file an amended complaint, in which case the Court will issue findings and recommendations to

1    a district judge consistent with this order." (Id. at 8).  Plaintiff was warned that "[f]ailure to

2    comply with this order may result in the dismissal of this action." (Id.).

3          The thirty-day period Plaintiff had to respond to the screening order has expired, and

4    Plaintiff has not responded to the screening order.  Accordingly, the Court will recommend that

5    this case be dismissed, without prejudice, for failure to comply with a court order and failure to

6    prosecute.

7          "In determining whether to dismiss a[n] [action] for failure to prosecute or failure to

8    comply with a court order, the Court must weigh the following factors: (1) the public's interest

9    in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

10   prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the

11   public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d

12   639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

13         "'The public's interest in expeditious resolution of litigation always favors dismissal.'"

14   Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)).  Accordingly,

15   this factor weighs in favor of dismissal.

16         As to the Court's need to manage its docket, "[t]he trial judge is in the best position to

17   determine whether the delay in a particular case interferes with docket management and the

18   public interest…. It is incumbent upon the Court to manage its docket without being subject to

19   routine noncompliance of litigants...." Pagtalunan, 291 at 639.  Plaintiff has failed to respond

20   to the Court's screening order.  This failure to respond is delaying the case and interfering with

21   docket management.  Therefore, the second factor weighs in favor of dismissal.

22         Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in

23   and of itself to warrant dismissal." Id. at 642 (citing Yourish, 191 F.3d at 991).  However,

24   "delay inherently increases the risk that witnesses' memories will fade and evidence will

25   become stale," id. at 643, and it is Plaintiff's failure to comply with a court order and to

26   prosecute this case that is causing delay.  Therefore, the third factor weighs in favor of

27   dismissal.

28         As for the availability of lesser sanctions, at this stage in the proceedings there is little

available to the Court which would constitute a satisfactory lesser sanction while protecting the

Court from further unnecessary expenditure of its scarce resources.  Considering Plaintiff's

incarceration and *in forma pauperis* status, it appears that monetary sanctions are of little use.

And, given the stage of these proceedings, the preclusion of evidence or witnesses is not

available.  Additionally, because the dismissal being considered in this case is without

prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with

prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs

against dismissal.  Id.

After weighing the factors, the Court finds that dismissal without prejudice is

appropriate.  Accordingly, the Court HEREBY RECOMMENDS that:

1. This case be dismissed, without prejudice, because of Plaintiff's failure to

comply with a court order and to prosecute this case; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district

judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within

fourteen (14) days after being served with these findings and recommendations, Plaintiff may

file written objections with the Court.[1]  The document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v.

Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394

(9th Cir. 1991)).

\\\

\\\

\\\

---

[1] If, instead of or in addition to objecting, Plaintiff responds to the screening order and adequately explains why he failed to timely respond to the screening order, the Court will vacate these findings and recommendations.

1    Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district

2  judge to this case.

3

4  IT IS SO ORDERED.

5    Dated:    **August 14, 2020**                    /s/ *Erica P. Grosjean*

6                                            UNITED STATES MAGISTRATE JUDGE