UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ARTHUR CASEY,<br><br>    Plaintiff,<br><br>    v.<br><br>J. TRUILLO, et al.,<br><br>    Defendants. | Case No. 1:20-cv-00560-DAD-EPG (PC)<br><br>ORDER RE: PLAINTIFF'S NOTICE<br><br>(ECF No. 19) |

    James Arthur Casey ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

    Plaintiff filed the complaint commencing this action on April 14, 2020. (ECF No. 1). On June 17, 2020, the Court screened Plaintiff's complaint and found that it stated a cognizable claim. (ECF No. 14). The Court gave Plaintiff thirty days from the date of service of the order to either: "a. File a First Amended Complaint, which the Court will screen in due course; b. Notify the Court in writing that he does not want to file an amended complaint and instead wants to proceed only on his claim for excessive force in violation of the Eighth Amendment against defendants Truillo, Garcia, Vera, Falcon, and Rodrigues; or c. Notify the Court in writing that he does not want to go forward on only the claim found cognizable by this order or file an amended complaint, in which case the Court will issue findings and recommendations to a district judge consistent with this order." (Id. at 8). Plaintiff was warned that "[f]ailure to comply with this order may result in the dismissal of this action." (Id.).

The thirty-day period Plaintiff had to respond to the screening order expired, and Plaintiff did not respond to the screening order. Accordingly, the Court issued findings and recommendations, recommending that this case be dismissed, without prejudice, for failure to comply with a court order and failure to prosecute. Plaintiff did not object, and on September 30, 2020, the findings and recommendations were adopted and this case was dismissed (ECF No. 17).

On October 13, 2020, Plaintiff filed a notice stating:

> I SENT BACK A LETTER NOTIFY THE COURT I WANTED TO MOVE FORWARD ON THE CLAIM FOUND COGNIZABLE BY THE COURT I SENT AND SIGNED THE CONSISTENT FORM PLEASE NOTIFY ME OF THIS MISUNDERSTANDING I WANT TO MOVE FORWARD WITH COURT ORDER

(ECF No. 19) (errors in original).

This case has been dismissed and closed, and Plaintiff has not filed a motion for reconsideration of the dismissal order.[1] Accordingly, Plaintiff cannot, at this time, respond to the screening order.

\\\
\\\
\\\
\\\

---

[1] It does not appear that Plaintiff would be entitled to reconsideration in any event. "There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is necessary to correct *manifest errors of law or fact upon which the judgment is based*; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." Turner v. Burlington N. Santa Fe R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003) (citation and internal quotation marks omitted).
Under Federal Rule of Civil Procedure 60(b),
> [o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Here, it does not appear that Plaintiff would be entitled to reconsideration for any of the reasons discussed above.

The Court notes that the dismissal in this case was without prejudice, meaning that Plaintiff may re-file his complaint as a new case.

IT IS SO ORDERED.

Dated:   **October 15, 2020**         /s/ Eric P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE